# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

| | |
|---|---|
| **JOHN GRIFFIN, Individually and For Others Similarly Situated,** | **Case No. _____** |
| **v.** | **JURY TRIAL DEMANDED** |
| **HUNT, GUILLOT, & ASSOCIATES, LLC** | **CLASS AND COLLECTIVE ACTION** |

## COMPLAINT

### SUMMARY

1.      Hunt, Guillot, & Associates, LLC (HGA) failed to pay John Griffin (Griffin) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA), the Ohio Minimum Fair Wage Standards Act, O.R.C. §§4111 *et seq.*, ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), and Ohio Rev. Code §4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").

2.      Instead, HGA paid Griffin and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3.      Griffin brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because HGA conducts substantial business in Houston, Texas.

6.      HGA is Headquartered in Ruston, Louisiana, in this District and Division.

## THE PARTIES

7.     During the relevant period, Griffin was an hourly employee of HGA.

8.     Throughout his employment with HGA, Griffin was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

9.     Griffin's offer letter from HGA specifically states that he will be paid the same hourly rate for all hours worked.

10.     His written consent is attached herein as Exhibit A.

11.     Griffin brings this action on behalf of himself and other similarly situated workers who were paid by HGA's "straight time for overtime" system.

12.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All hourly employees of Hunt, Guillot, and Associates during the past 3 years who were paid straight time for overtime (the "FLSA Class Members").**

13.     Griffin seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

14.     Griffin also seeks class certification under Fed. R. Civ. P. 23 of the following class under the Ohio Wage Acts:

> **All hourly employees of Hunt, Guillot, and Associates working in Ohio during the past 3 years who were paid straight time for overtime (the "Ohio Class Members").**

15.     Collectively, the FLSA Class Members and the Ohio Class Members are referred to as the Putative Class Members.

16.     HGA may be served with process by serving its registered agent Registered Agent Solutions, Inc., 1701 Directors BLVD., Suite 300, Austin, Texas 78744.

## COVERAGE UNDER THE FLSA

17.     At all times hereinafter mentioned, HGA was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     At all times hereinafter mentioned, HGA was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     At all times hereinafter mentioned, HGA was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

20.     16.     HGA has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as hand tools, automobiles, computers, and cell phones.

21.     At all times hereinafter mentioned, Griffin and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

22.     HGA is a staffing company that provides recruitment services to the oil and gas, power, and construction industries, among others.

23.     HGA staffs employees to these industries throughout the United States.

24.     HGA has offices throughout the United States including 3 in Texas.

25.     In order to provide services to its clients, HGA hires employees it pays on an hourly basis.

26.     Griffin worked for HGA as a Project Construction Manager.

27.     Griffin worked with construction workers and engineers to oversee project development.

28.     Griffin was staffed to U.S. Steel in Leipsic, Ohio.

29.     Griffin was paid $95 an hour for every approved hour worked.

30.     Griffin was employed by HGA from September 2019 until February 2020.

31.     Griffin was an hourly employee of HGA.

32.     Griffin was not paid a guaranteed salary.

33.     Griffin reported the hours he worked to HGA on a regular basis.

34.     If Griffin worked under 40 hours, he would have only paid for the hours he worked.

35.     But Griffin would regularly work more than 40 hours in a week.

36.     In fact, Griffin routinely worked 50 or more hours a week.

37.     For example, in the two-week pay period ending on January 19, 2020, Griffin worked 120.

38.     He was paid his same hourly rate for all 120 hours. In one or both of those weeks, Griffin worked overtime.

39.     The hours Griffin worked are reflected in HGA's payroll records.

40.     HGA paid Griffin the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

41.     HGA did not pay Griffin overtime for all hours worked in excess of 40 hours in a single workweek.

42.     Rather than receiving time and half as required by the FLSA and the Ohio Wage Acts, Griffin only received "straight time" pay for overtime hours worked.

43.     This "straight time for overtime" payment scheme violates the FLSA and the Ohio Wage Acts.

44.     HGA was aware of the overtime requirements of the FLSA and the Ohio Wage Acts.

45.     HGA nonetheless failed to pay certain hourly employees, such as Griffin, overtime.

46.     Griffin and the Putative Class Members perform job duties in furtherance of the power industry business sector and are subjected to similar compensation practices.

47.     Griffin and the Putative Class Members also worked similar hours and were denied overtime because of the same illegal pay practice.

48.     Griffin and the Putative Class Members regularly worked in excess of 40 hours each week.

49.     HGA did not pay Griffin and the Putative Class Members on a salary basis.

50.     HGA paid Griffin and the Putative Class Members "straight time for overtime."

51.     HGA failed to pay Griffin and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

52.     HGA knew, or acted with reckless disregard for whether, Griffin and the Putative Class Members were paid in accordance with the FLSA or the Ohio Wage Acts.

53.     HGA's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA and the Ohio Wage Acts.

**FLSA VIOLATIONS**

54.     By failing to pay Griffin and those FLSA Class overtime at one-and-one-half times their regular rates, HGA violated the FLSA's overtime provisions.

55. HGA owes Griffin and FLSA Class the difference between the rate actually paid and the proper overtime rate.

56. Because HGA knew, or showed reckless disregard for whether, its pay practices violated the FLSA, HGA owes these wages for at least the past three years.

57. HGA is liable to Griffin and the FLSA Class for an amount equal to all unpaid overtime wages as liquidated damages.

58. Griffin and those similarly situated to him are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## OHIO WAGE ACT VIOLATIONS

59. Griffin brings this claim under the Ohio Wage Act as a Rule 23 class action.

60. The conduct alleged violates the Ohio Wage Act (O.R.C. §§4111).

61. At all relevant times, HGA was and is subject to the requirements of the Ohio Wage Acts.

62. At all relevant times, HGA employed Griffin and each Ohio Class Member as an "employee" within the meaning of the Ohio Wage Act.

63. The Ohio Wage Act requires employers like HGA to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Griffin and each member of the Ohio Class are entitled to overtime pay under the Ohio Wage Acts.

64. HGA paid Griffin and each member of the Ohio Class straight time for overtime and failed to pay these workers overtime for hours worked in excess of 40 hours per workweek.

65. Griffin and the Ohio Class Members seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

66.     Griffin and the Ohio Class Members also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by HGA, as provided by the Ohio Wage Acts.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

67.     The illegal pay practices HGA imposed on Griffin were imposed on the Putative Class Members.

68.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

69.     Numerous other individuals who worked with Griffin were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal and state wage laws.

70.     Based on his experiences and tenure with HGA, Griffin is aware that HGA's illegal practices were imposed on the Putative Class Members.

71.     The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

72.     HGA's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

73.     Griffin's experiences are therefore typical of the experiences of the Putative Class Members.

74.     The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent class or collective treatment.

75.     Griffin has no interests contrary to, or in conflict with, the Putative Class Members.

76.     Like each Putative Class Member, Griffin has an interest in obtaining the unpaid overtime wages owed under federal and state law.

77.     The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by HGA.

78.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

79.     Absent a class or collective action, many Putative Class Members will not obtain redress of their injuries and HGA will reap the unjust benefits of violating the FLSA and Ohio Wage Acts.

80.     Furthermore, even if some Putative Class Members could afford individual litigation against HGA, it would be unduly burdensome to the judicial system.

81.     If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to HGA, and to the Court.

82.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

83.     The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a.     Whether Griffin and the Putative Class Members' FLSA rights were violated as a result of HGA's straight time for overtime policy;

   b.     Whether HGA required Griffin and the Putative Class Members to work more than 40 hours during individual work weeks;

   c.     Whether HGA's decision to pay Griffin and the Putative Class Members straight time for overtime was made in good faith;

   d.     Whether HGA paid Griffin and the Putative Class Members on a salary basis;

e.      Whether HGA failed to pay Griffin and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

f.      Whether HGA's violation of the FLSA and Ohio Wage Acts was willful; and

g.      Whether HGA's illegal pay practices were applied uniformly across the nation to Griffin and all the Putative Class Members.

84.      Griffin and the Putative Class Members sustained damages arising out of HGA's illegal and uniform employment policy.

85.      Griffin knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class and collective action.

86.      Griffin will fairly and adequately represent and protect the interests of the Putative Class Members.

87.      Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### JURY DEMAND

88.      Griffin demands a Jury trial.

### PRAYER

89.      Griffin prays for relief as follows:

a.      An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.   For an Order pursuant to Section 16(b) of the FLSA finding HGA liable for unpaid back wages due to Griffin and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.   For an Order designating the state law classes as class actions pursuant to Fed. R. Civ. P. 23;

d.   For an Order appointing Griffin and his counsel as Class Counsel to represent the interests of both the federal and state law classes;

e.   For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

f.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ W. David Hammett*
**W. David Hammett**
LA Bar No. 23112
**Joseph W. Wright**
LA Bar No. 38967
**Davenport, Files, and Kelly**
1509 Lamy Lane
Monroe, Louisiana 71211
wdh@dfklaw.com

*/s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew Dunlap**
Texas Bar No. 24078444
**Richard M. Schreiber**
Texas Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

rschreiber@mybackwages.com

**AND**

*/s/ Richard J. Burch*
**Richard J. (Rex) Burch**
Texas Bar No. 24001807
8 Greenway Plaza, Suite 1500
**BRUCKNER BURCH, PLLC**
Houston, Texas 77046
(713) 877-8788 - Telephone
(713) 877-8065 - Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF**