**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JOHN GRIFFIN, Individually and for Others Similarly Situated,<br><br>v.<br><br>HUNT, GUILLOT, & ASSOCIATES, LLC. | Case No. 3:20-cv-01189-TAD-KLH |

**MOTION FOR APPROVAL OF**
**CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE**

Plaintiff, John Griffin, along with the Opt-In Plaintiffs (Plaintiffs) files this Motion for Approval of Confidential Settlement Agreement and Release and dismissal of Plaintiffs' claims against Defendant Hunt, Guillot, & Associates (HGA), with prejudice.

**1.  Introduction.**

Plaintiffs seek Court approval of the Settlement Agreement, which has been filed into the record under seal. Doc. 60-2. The Parties' settlement covers Griffin and the 8 of the 9[1] Opt-in Plaintiffs, all of whom were HGA employees allegedly paid straight time for overtime (the "Settlement Class"). If approved by this Court, the Settlement Collective Action Members will release their wage and hour claims against HGA. The Court should now exercise its considerable discretion and approve the Settlement. *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 638 (5th Cir. 2012) (an abuse of this discretion "occurs only when all reasonable persons would reject the view of the district court").

**2.  Background.**

On September 14, 2020, Griffin filed this collective action lawsuit against HGA on behalf of himself and all hourly employees of HGA who were paid straight-time-for-overtime in the past three (3) years. Doc. 1. HGA filed its Answer on November 5, 2020. Doc. 18. HGA asserted numerous

---

[1] Opt-in Plaintiff Anthony Thompson is not a proper member of the collective action because during the relevant period, he was classified as non-exempt and paid time and a half for overtime.

1

affirmative defenses and denied all substantive allegations of the Complaint. Among other defenses, HGA asserts that Plaintiffs are exempt from the overtime requirements of the Fair Labor Standards Act (FLSA), the Ohio Fair Wage Standards Act and the Ohio Prompt Pay Act (collectively, the Ohio Acts), that their claims are in part barred by statute of limitations, and that they are not similarly situated for purposes of collective action treatment. HGA additionally argued it acted in good faith and without willfulness as to any alleged violation of the FLSA.

Griffin initially moved for conditional certification on December 22, 2020. Doc. 21. Shortly thereafter, the Fifth Circuit issued its opinion in *Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430 (5th Cir. 2021), altering the standard by which notice is issued. Following briefing on the impact of *Swales*, the Court ordered and the preliminary discovery necessary to address the "similarly situated" question. Doc. 38; see Docs. 34-37. The Parties disputed the scope of the discovery. Ultimately, the court allowed discovery related to job duties, employee classification, job sites, pay, work schedules, work policies and procedures, management structure, hiring structure, and work contracts as to Griffin and the opt-ins. Doc. 38 at 6-7; see Doc. 44. Over the next few months, the parties engaged in this discovery, with Griffin and the opt-ins responding to discovery, HGA producing over 1000 pages of documents, and the deposition of HGA's 30(b)(6) representative, Anthony Stark.

Understanding the uncertainties of protracted litigation and the expense of additional discovery, the Parties agreed to schedule a mediation in an effort to seek resolution of the disputed claims. To this end, the Parties engaged Mr. Robert David with Perry Dampf Solutions to conduct a mediation on February 8, 2021. Mr. David is an experienced mediator who has handled FLSA litigation as an advocate.[2]

In connection with mediation, HGA produced pay stubs and timesheets with extensive detail

---

[2] Attached hereto as Exhibit "1" is Mr. David's Professional Bio.

for each pay period worked by Griffin and the Opt-In Plaintiffs. Plaintiffs analyzed the produced records and developed damages models based on information provided by HGA. Mediation consisted of numerous rounds of negotiations, as well as the exchange of additional information. The Parties also presented each other with their respective legal analysis on the various legal issues presented, including the potential impact of *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289 (5th Cir. 2021). At the conclusion of mediation, the Parties entered into a written Memorandum of Understanding memorializing the principal terms of resolution.

On March 2, 2022, the Parties filed a Joint Motion for Leave of Court to File Confidential Settlement Agreement and Release Under Seal. See Doc. 60. In this regard, the Parties sought leave of court to file the Confidential Settlement Agreement and Release under seal for this Honorable Court's consideration in connection with this Motion to Approve Settlement.

As demonstrated above, the Parties have reached a resolution after the production of extensive information and data, as well as engagement in a full day mediation with extensive, arm's length negotiations between experienced legal counsel who have expertise in FLSA collective action litigation. Additionally, an experienced, neutral mediator with FLSA expertise was directly involved in the negotiation and settlement evaluation process. Disputed issues of fact and law were presented and assessed, and the Parties have reached terms that are reasonable and fair.

Griffin and HGA respectfully request that this Honorable Court approve their Agreement, approve Class Counsel's requested Fee Award, and dismiss the Action with prejudice with all parties to bear their own respective costs, attorney's fees, and expenses.

**3.     Settlement Terms.**

The specific terms and conditions of settlement are reflected in the Confidential Settlement Agreement and Release (the "Agreement") filed under seal. *See* Doc. 60-2. The Agreement provides the details concerning all aspects of resolution.

**4.      The Settlement Represents a Reasonable Compromise of this Litigation.**

The Parties seek this Honorable Court's approval of the Agreement, which represents a fair and reasonable compromise of a bona fide dispute concerning FLSA claims. As a general rule in the Fifth Circuit, parties are free to compromise disputed FLSA claims by private agreement. *See Martin v. Spring Break '83 Productions, L.L.C.*, 688 F.3d 247 (5th Cir. 2012).

Parties to FLSA litigation may seek court review and approval of FLSA collective actions under 29 U.S.C. §216. *See Collins v. Sanderson Farms, Inc.*, 568 F.Supp.2d 714 (E.D. La. 2008); *Lynn Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350 (11th Cir. 1982). In order to approve a settlement, the court determines whether or not the settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Collins v. Sanderson Farms, Inc., supra*; *Lynn v. United States Department of Labor, supra*. It has been held that settlement is a preferred means of resolving litigation and there is a strong presumption in favor of finding a settlement to be fair. See *Williams v. First National Bank*, 30 S.Ct. 441 (1910); *Mid-south Towing v. Har-Win, Inc.*, 733 F.2d 386 (5th Cir. 1984); *Camp v. Progressive Corp.*, 2004 WL 2149079 (E.D. La. 2004).

**A.      A Bona Fide Dispute Exists**

It is undisputed that a bona fide dispute exists as to the FLSA claims asserted by Plaintiffs. In particular, the Parties disputed whether Plaintiffs were exempt from the FLSA's overtime requirements and, therefore, whether they are entitled to any additional wages and overtime compensation. Further, Plaintiffs argued that they were similarly situated in the terms of relevant job titles and duties, compensation practices, or location worked for HGA, while HGA maintained that collective certification would be improper because Plaintiffs were not similarly situated. The Parties also held diverging views as to whether Plaintiffs were paid on a salary basis.

The Parties further disagreed on whether Plaintiffs could satisfy their burden to demonstrate HGA acted willfully, which in turn affects whether they could recover compensation for two (2) years

or three (3) years. *See* 29 U.S.C. § 255. Plaintiffs contended that HGA would not be able to meet its burden to prove that HGA acted in good faith in classifying and compensating Plaintiffs, which would affect the amount, if any, of liquidated damages Plaintiffs could recover. *See* 29 U.S.C. § 260. Throughout the Parties' negotiations, HGA maintained that it acted in good faith, and not willfully, so that damages (if any) should not include liquidated damages and could only be recovered for a two-year period.

The Parties have fully analyzed the pertinent factual and legal issues in this case and assessed the strengths and weaknesses of the claims and defenses at issue. The Agreement was reached after arm's-length negotiations and with the aid of a skilled and experienced mediator.

The Parties worked to resolve various complex, disputed issues, such as issues regarding damage calculations. Had the Parties not reached the Settlement, there would undoubtedly be extensive future work to come, including dispositive motions, depositions, additional written discovery, associated discovery disputes including possible subpoenas to a substantial number of third parties, questions regarding applicability of the FLSA and Ohio Acts, good faith, willfulness, certification and decertification, pretrial motions, trial, and potential appellate issues. Accordingly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and (Plaintiffs in particular) recognized that their settlement represented a compromise of the range and uncertainty of their damages.

### B. Fair and Reasonable Resolution

The Agreement reached by the parties clearly presents a fair and reasonable resolution. The Agreement was negotiated by attorneys who have been prosecuting and defending FLSA claims throughout their careers, and the firms and attorneys involved have significant experience in handling FLSA collective action litigation. In assessing the fairness and reasonableness of settlement, deference to experienced counsel who have negotiated and recommended settlement should be afforded. *See*

*Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *Collins v. Sanderson Farms,* 568 F.Supp.2d at 717. Plaintiffs' Counsel has served as lead counsel in numerous large-scale wage and hour class/collective actions. *See*, *e.g.*, *Hughes v. Gulf Interstate Field Servs., Inc.*, 878 F.3d 183 (6th Cir. 2017) (reversing trial court's grant of summary judgment in favor of defendant); *Roussell v. Brinker Int'l, Inc.*, 09-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs).

Additionally, resolution was reached through a comprehensive mediation process with an experienced FLSA mediator. Moreover, the Agreement negotiated by the Parties is detailed and comprehensive. Finally, Griffin, as class representative, deemed this settlement to be fair and reasonable after being fully informed of all terms and executing the Agreement.

**C.    Reasonableness of Attorney's Fees**

Plaintiffs' attorneys' fees are part of the bargained for settlement. The Parties agreed to set Class Counsel's fees at 40% of the Gross Settlement Amount inclusive of costs. *See* Doc. 60-2. This is the agreement the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 727 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (holding, in a class action, "the court cannot modify the bargained-for terms of the settlement agreement"); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526 (E.D. La. Jan. 23, 1996) (overruling the magistrate's modification to consent judgment because courts lack authority to modify a settlement agreement).

Supreme Court precedent not only permits, but also endorses settlement of attorney's fees in aggregate litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("Ideally, of course, litigants will settle the amount of a fee."). FLSA authority suggests that, when they do under circumstances that exist here, that should end the matter. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("parties [are] entitled to settle the attorney fee issue, and no law g[ives a] district court authority to interfere with that unconditional right"). The Parties reached the agreed upon fee, and to the extent approval is necessary, it should be given here.

In FLSA cases such as this, the Fifth Circuit has approved contingency fees in the range of 35 to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Courts routinely approve settlements that include an agreed upon fee above what Plaintiffs, Class Counsel, and HGA agreed to. *See Whitaker v. BHP Billiton Petroleum (Americas) Inc.*, No. 4:17-cv-02698, at ECF No. 30 (S.D. Tex. Aug. 7, 2019) (approving 40% fee in FLSA settlement); *Whitlow v. Crescent Consulting, LLC*, No. 5:16-cv-01330, at ECF No. 189 (W.D. Okla. April 1, 2019) (same); *Jones v. Bison Drilling and Field Services, LLC*, No. 7:17-cv-00167, at ECF Nos. 32 & 35 (W.D. Tex. Feb. 2019) (same); *Brite v. Great Plains Analytical Services, Inc.*, No. 7:18-cv-00153, at ECF No. 24 (W.D. Tex. Feb. 12, 2019) (same); *Matthews v. Priority Energy Servs., LLC*, No. 6:15CV448, 2018 WL 1939327, at *1 (E.D. Tex. Apr. 20, 2018), adopted, 2018 WL 2193030 (E.D. Tex. May 11, 2018) (same); *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (same); *see also Comeaux v. Quality Energy Svcs., Inc.*, No. 6:15-cv-02510-RGJ-PJH, ECF No. 78 (W.D. La. Jul. 20, 2017) (approving attorney fees of 40%).

In evaluating a contingency fee award, the Court may look at the factors set forth in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-20 (5th Cir. 1974). The *Johnson* factors include the following of import in this case: (1) the time and labor required; (2) the novelty and difficulty of the questions posed; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee

7

is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; and (10) awards in similar cases.

Regarding the time and efforts required of Plaintiffs' Counsel (factors 1 and 7), the Parties engaged in extensive disputes regarding Court authorized notice, discovery, depositions, independent exemption status, recent decisions concerning the salary basis test, damage models, damage calculations, and the application of the reasonable relationship test. This represents a significant devotion of time to reach resolution of this case. Further, this case has been pending for roughly a year and a half.

Second, the separately-negotiated, agreed contingency fee (factors 5, 6, and 10) in the Professional Services Agreement between Griffin and Plaintiffs' Counsel provides for a contingency fee of 40% of the gross settlement amount, which is in line with Fifth Circuit precedent. *See supra* at **pg. 7**. Griffin was aware of, and agreed to, the contingency fee nature of the relationship. Finally, the FLSA mandates payment of attorneys' fees to prevailing plaintiffs. *See Ellis v. Viking Enterprises, Inc.*, 5:18-CV-00772, 2019 WL 6271784, at *8 (W.D. Tex. Nov. 22, 2019).

Next, Plaintiffs' Counsel's skill, knowledge, reputation, and experience (factors 2, 3, and 9) are well-recognized in FLSA cases such as this. *See, e.g.*, *Hughes*, 878 F.3d at 184; *Roussell*, 2011 WL 4067171 at *1(affirming jury verdict in FLSA collective action); *Belt*, 444 F.3d 403 (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). FLSA collective action cases such as this are the main focus of Plaintiffs' Counsel's docket. Although Plaintiffs' Counsel is based in Texas, both BRUCKNER BURCH PLLC and JOSEPHSON DUNLAP LLP have a national docket of FLSA cases, with litigation across the United States, not only in Texas, but also in California, Colorado, Illinois, Louisiana, New Mexico, Ohio, Oklahoma, Pennsylvania, South Dakota, Utah, Virginia, West Virginia, Arizona, Delaware, Georgia, New York, Washington, Nebraska, Massachusetts, and elsewhere. In

8

recent years, Plaintiffs' Counsel's joint docket has carried around or over 250 cases involving collective action claims for workers.

Plaintiffs' Counsel's experience has caused them to review and become familiar with a large body of documents and information concerning FLSA litigation, which benefits cases such as this and maximizes the settlement value of the case. Plaintiffs' Counsel's experience in this field has also resulted in a familiarity with the evidence and testimony necessary to the successful prosecution of cases such as this. Indeed, as one court expressly noted regarding Plaintiffs' Counsel, "the firms involved in this case on the Plaintiffs' side [including BRUCKNER BURCH] are **among the most experienced and best regarded in this specialized practice area**." *Kurgan v. Chiro One Wellness Ctrs., LLC*, No. 10-CV-1899, 2015 WL 1850599, at *4 (N.D. Ill. Apr. 21, 2015). Further, Plaintiffs' Counsel's acceptance of this case (factor 4), and the considerable time that it has taken to work this case, has precluded time that they could have spent pursuing other matters.

"The most critical factor in determining a fee award is the degree of success obtained" (factor 8). *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). The degree of success here is high because HGA vigorously contested Plaintiffs' claims and denied that Plaintiffs were improperly paid, underpaid, or that any alleged damages are owed. Yet, as the Settlement Agreement reflects, the Settlement Collective Action Members are receiving a portion of their alleged back wages as a result of the settlement. For these reasons, Plaintiffs believe a fee of 40% inclusive of costs is in line with the amount of fees approved in FLSA settlements and should be approved in this case.

As part of the Settlement, the Parties have agreed that Plaintiffs' Counsel is entitled to a total of 40% of the gross settlement amount. This is the agreement that the Parties have presented to the Court for approval. *See Evans v. Jeff D.*, 475 U.S. 717, 726-27 (1986) ("[T]he power to approve or reject a settlement negotiated by the parties before trial does not authorize the court to require the parties to accept a settlement to which they have not agreed."); *Klier v. Elf Atochem North Am., Inc.*, 658 F.3d

9

468, 475 (5th Cir. 2011) ("[T]he court cannot modify the bargained-for terms of the [class-action] settlement agreement."); *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 910 F.Supp.2d 891, 944 (E.D. La. 2012) ("[T]he Court is not authorized to insist upon changes that, in its judgment, might lead to a superior settlement."), *aff'd sub nom. In re Deepwater Horizon*, 739 F.3d 790 (5th Cir. 2014), *reh'g en banc denied sub nom. In re Deepwater Horizon—Appeals of the Economic and Property Damage Class Action Settlement*, 756 F.3d 320 (5th Cir. 2014), *cert. denied sub nom. BP Exploration & Prod, Inc. v. Lake Eugenie Land & Dev., Inc.*, 135 S.Ct. 754 (2014); *Blanchard v. Forrest*, CIV. A. 93-3780, 1996 WL 28526, at *3 (E.D. La. Jan. 23, 1996) (overruling magistrate judge's modification to consent judgment because courts lack authority to modify a settlement agreement); *Melgar v. OK Foods*, 902 F.3d 775 (8th Cir. 2018) (reversing district court's reduction of attorney fees from the agreed-upon settlement amount in an FLSA action).

Because the amount of and provisions regarding payment of attorney's fees is an unseverable part of the Settlement Agreement, Plaintiffs stress that a rejection of this (or another portion) of the Settlement Agreement will result in a failure of the Parties' agreement and the resumption of litigation.

**5.    Service Award is Appropriate.**

Griffin took a risk in bringing the claims relating to HGA's alleged wage and hour violations. Moreover, Griffin expended significant effort and time in educating his Counsel regarding the Plaintiffs' job experiences and HGA's policies and procedures. Griffin reviewed and answered formal written discovery. Griffin also participated in numerous of telephone conferences with Plaintiffs' Counsel and their staff over the course of the litigation.

Because Griffin took significant personal risks in representing the interests of the Plaintiffs and worked diligently to ensure the Plaintiffs could recover the wages they are allegedly due, the proposed service award agreed to by the Parties is reasonable to compensate him.

**6.      Conclusion**

Griffin submits that the Agreement represents a fair and reasonable resolution for a bona fide dispute under the FLSA. This resolution will eliminate risk to all parties and will avoid extensive and protracted litigation that could have lasted for years.

Griffin respectfully requests that this Honorable Court approve this settlement, including all terms as set forth in the Agreement, and that it dismiss the above-captioned lawsuit and all claims, with prejudice, with each party to bear their own respective court costs, attorney's fees, and expenses.

Respectfully submitted,

**JOSEPHSON DUNLAP, LLP**

By: */s/ Richard M. Schreiber*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Richard M. Schreiber**
    Texas Bar No. 24056278
    JOSEPHSON DUNLAP, LLP
    11 Greenway Plaza
    Houston, Texas 77046
    713.352.1100 (Telephone)
    713.352.3300 (Fax)
    mjosephson@mybackwages.com
    rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
BRUCKNER BURCH, PLLC
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**AND**

> **W. David Hammett**
> Louisiana Bar Roll No. 23112
> Davenport, Files, and Kelly
> 1509 Lamy Lane
> Monroe, Louisiana 71211
> wdh@dfklaw.com
>
> **ATTORNEYS FOR PLAINTIFF AND**
> **OPT-IN PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

Counsel for Defendant and Plaintiff and Opt-In Plaintiffs have conferred regarding the relief sought in this Motion, and Defendant is unopposed to this Motion.

> */s/ Richard M. Schreiber*
> Richard M. Schreiber

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been served by ECF electronic filing on all counsel of record pursuant to Federal Rule of Civil Procedure 5, on March 2, 2022, to all counsel of record.

> */s/ Richard M. Schreiber*
> Richard M. Schreiber